

**New Orleans**
201 St. Charles Avenue
Suite 3710
New Orleans, LA 70170-1000

(504) 522-3303 Tel
(504) 529-3850 Fax

**Writer's Direct Dial:**
504-529-3839

**Writer's E-mail:**
manderson@fisherphillips.com

fisherphillips.com

November 23, 2016

***Via Electronic and U.S. Mail***

Donald G. Cave
Cave Law Firm
30909 Plaza Tower Drive
Baton Rouge, LA 70816-4356

     Re:   *Dana Matthews v. J&J Services Solutions, LLC*

Dear Mr. Cave:

     Enclosed please find Defendant's First Set of Interrogatories and Request for Production of Documents to Ms. Matthews.

     Additionally, we would like to depose Ms. Matthews after she responds to the enclosed discovery. Please provide us with three or four available dates between January 30, 2017 and February 15, 2017, we will select one and provide a notice of deposition. Please let us know whether the deposition will occur at your office or another location.

     We look forward to hearing from you.

Sincerely,

Michelle I. Anderson
For FISHER & PHILLIPS LLP

MIA:dah

Enclosures

EXHIBIT
A

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DANA A. MATTHEWS,** | * | **CASE NO. 3:16-cv-00621-BAJ-EWD** |
| | * | |
| **Plaintiff,** | * | **JUDGE BRIAN A. JACKSON** |
| | * | |
| **VERSUS** | * | **MAGISTRATE ERIN WILDER-** |
| | * | **DOOMES** |
| **J & J SERVICE SOLUTIONS, LLC,** | * | |
| | * | |
| **Defendant.** | * | |

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant, J & J Service Solutions, LLC, through its undersigned counsel, propounds to Plaintiff, Dana Matthews, through her counsel of record, the following written interrogatories to be answered fully and under oath within thirty (30) days after the date of service hereof or a shorter period of time as may be ordered by the Court.

Pursuant to Fed. R. Civ. P. 26(e), these interrogatories should be considered to be continuing and answers should be modified and supplemented if information requested in the interrogatories is obtained at a later date. Such supplementary responses are to be served upon Defendant within thirty (30) days after receipt of such information or a shorter period of time as may be ordered by the Court.

## DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

As used in these interrogatories, the following words and terms shall have the following definitions:

1.    "You," "your," or "Plaintiff" means Plaintiff – **Dana A. Matthews**.

2.    "J & J" means Defendant, **J & J Service Solutions, LLC**, or any affiliated entity, and/or its agents, representatives and employees.

3.    "Person," "persons," or "people" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution, whether formed for business purposes or any other purpose.

4.    "Document" means any written, recorded, filmed, or graphic matter, whether produced or reproduced, on paper, cards, tapes, film, electronic facsimile, computer storage device, or any other media, including, but not limited to, communications, files, personal or intra-office memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs reports, studies, charts, graphs, statements, notebooks, intra company communications, handwritten notes, applications, agreements, books, pamphlets, periodicals, professional manuals, appointment or other calendars, records or recordings of oral conversations or meetings, work papers, and also including, but not limited to, originals and all copies which are different in any way from the originals, whether by interlineation, receipt stamp, notation, indication of copies sent or received and drafts. *"Document" specifically includes documents (business or personal) in Plaintiff's possession or in Plaintiff's control (business or personal).* "Document" includes "electronic documents" which include, among other things, messages, images or any other information contained in e-mail, voice mail, fax machines, computers, iPads, personal digital assistants (including Blackberry, iPhones, Smartphones or similar text messaging devices), pagers, telephones, cellular and mobile phones (including those with cameras), Intranet, Internet, information on a memory or flash key or card, jump or zip drive or any other type of internal or external removable storage drives.

5.     The term "document" includes any copy or copies of any of the foregoing on which any mark, alteration or additional writing or other change from the original, or from any other copy, has been made.  This includes any and all documents in the possession of Plaintiff or her agents, representatives, attorneys, or any other person acting on her behalf.

6.     "Suit" or "lawsuit" means this lawsuit, which is Civil Action No. 3:16-cv-00621-BAJ-EWD pending before the United States District Court for the Middle District of Louisiana in Baton Rouge, Louisiana.

7.     "Complaint" means the Complaint filed by Plaintiff in this lawsuit (including all amendments thereto).

8.     "Communicate," "Communicated," or "Communication" shall mean any or all transmittals of information, whether oral or reduced to writing, whether handwritten, typewritten, tape-recorded, or produced by electronic data processing, irrespective of how conveyed (*e.g.*, telephone, e-mail, text message, blog posting, tweet, telegram, telegraph, United States Mail, private mail or courier service or face-to-face contact).

9.     "Oral communication" means any utterance heard by another person, whether in person, by telephone or otherwise.

10.     "Concerning" means referring, relating, reflecting or pertaining, directly or indirectly, in any way, to all or any part of a specified subject matter or document.

11.     "Identify," "identification" and "the identity of" means as follows:

a.     when used in reference to an individual person, to state his or her full name, current or last known business affiliation and position, current or last known residential address and telephone number, and current or last known business address and telephone number;

b.     when used in reference to a company, corporation, firm organization, group of persons or other entity, to state its full name, its form or organization (*e.g.*, governmental agency, corporation, partnership, joint venture, etc.),

and current or last known address and telephone number, as well as the identity of the natural person who would have knowledge of the information sought by the interrogatory;

c.  when used in reference to a document, to state the type of document (*e.g.*, letter memorandum, telegram, chart, contract, prospectus, newspaper article, etc.), its title or other means of identification, its author or originator, the date it was authored or originated, its recipient or recipients (including, but not limited to, Plaintiff or anyone who purports to represent Plaintiff), and the present location by address and telephone number of any and all copies of such document in the care, custody or control of Plaintiff. If the document was, but is no longer, in the care, custody or control of Plaintiff, state what disposition was made of it, identify by full name and current or last known address its current custodian, and provide a summary of its contents. If all copies of the document have been destroyed, provide the full name, current or last known address and current or last known telephone number of the person or persons authorizing the destruction of the document and the date the document was destroyed;

d.  when used in reference to a meeting or a conference, to state the date of the meeting or conference, the location of the meeting or conference, and the full name and residential address and telephone number of each person attending the meeting or conference;

e.  when used in reference to an oral communication, to state the full name of the participants to the oral communication, their business affiliation and business address at that time, their present or last known position and residential address and telephone number, the location of each participant at the time the oral communication took place, which participants initiated the oral communication, and when the oral communication took place; and

f.  when used with reference to a statement, oral or written, to state the exact language of the statement or, if you do not know the exact language of the statement, to state the substance of the statement, and to identify the person making the statement, the person to which the statement was made, the date of the statement and to describe the nature, oral or written, of the statement.

12.  In lieu of "identifying" any document, it shall be deemed a sufficient compliance with these interrogatories to attach a copy of each such document to the answers hereto and reference said document in the interrogatory to which the document is responsive.

13.  "Describe in detail" means to give a complete and full description concerning the matter about which the inquiry is made, including the full name, address and telephone number of

persons involved, along with dates, times, places, amounts, and other particulars that make the answer to the interrogatory fair and meaningful.

14.     "Explain in detail" means to give a complete and full explanation of the matter about which the inquiry is made, including, in the explanation, all particulars necessary to make the answer fair and meaningful.

15.     As used herein, "relate(d) to" or "relating to" means refer to, reflect upon, or is in any way logically or factually connected with the matters discussed.

16.     "State" shall mean to recount fully all information known to you relating to the subject matter of the interrogatory.

17.     Wherever appropriate, the singular form of a word should be interpreted as plural.

18.     "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside its scope.

19.     The term "date" shall mean the exact day, month and year, if known; if not known, then "date" shall mean your best approximation thereof.

## INSTRUCTIONS

1.     You must answer each interrogatory in its entirety. If you cannot do so, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you do have concerning the unanswered portion. Where exact information cannot be furnished, estimated information shall be supplied to the extent possible, and an explanation given as to the basis upon which the estimate was made.

2.     Terms not defined in the definition section above shall have the respective meanings ascribed to such terms in the Complaint filed in this lawsuit.

3.      If you object to any interrogatory, in whole or in part, please describe the basis of your refusal to answer in sufficient detail, so as to permit the Court to adjudicate the validity of the refusal and respond to the portion of the request to which you do not object.

4.      If any documents or records that reflect or relate to anything about which these requests asks have been destroyed, identify the document, the date of destruction, and the name of the person who ordered or authorized the destruction.

5.      With regard to any requested document withheld because of a claim of privilege or work product, please state:

      a.      the basis for such withholding,
      b.      the author(s) of the document,
      c.      the identity of the person to whom the document indicates an original or copy was sent,
      d.      the identity of each person who has knowledge of the contents of the document,
      e.      the date of the document, and
      f.      the general subject matter of the document.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please state your full name, birth date, current address, phone number(s), Social Security number, and driver's license number. Please include all other names by which you have been known, including but not limited to, any aliases.

### INTERROGATORY NO. 2:

State whether you personally have ever communicated with any past or present employees of J & J concerning the allegations raised in your Complaint since your separation from employment with J & J. If so, explain in detail each such communication (including those by phone, Internet, and in person); state the date of the communication; with whom you

communicated; the substance of the communication; identify any witnesses to the conversation; and identify all documents concerning or exchanged during the communication.

**INTERROGATORY NO. 3:**

Identify all persons whom you believe have any information or knowledge, or claim to have the same, with respect to any facts or matters relating to each and every allegation contained in your Complaint, and with respect to each such person, state the following: a) the subject matter of each such person's knowledge; b) the date, place, and circumstances of the obtaining of such knowledge or information; c) whether such person has been interviewed by you or by your representative or counsel either prior to or subsequent to the commencement of the present action; d) whether you or your representative has obtained statements, reports, memoranda or recordings from any of the individuals identified; and e) the current address and telephone number for the witness.

**INTERROGATORY NO. 4:**

Describe in detail each and every written and oral evaluation, criticism, counseling, warning or discipline you received during your employment with J & J including, the date(s); action(s) taken; the substance of the communications; the supervisor(s) involved; and any witness thereto.

**INTERROGATORY NO. 5:**

If you contend there were individuals similarly situated to you who were treated differently or more favorably, explain in detail and identify: the individual(s), including their job title(s) and duties; the dates on which the incidents of different or favorable treatment occurred; who supervised the individual(s); and describe the treatment you assert was different, including the basis upon which you contend Defendant treated you differently; to whom you at J & J reported

this alleged treatment; date(s) on which you made the report(s); and identify any documents that support your answer.

**INTERROGATORY NO. 6:**

Identify each and every document, photograph, recording, video other evidence or tangible items you intend to rely upon for purposes of summary judgment or at the trial of this lawsuit; including any demonstrative evidence you intend to utilize at trial. For each item identified, supply a brief description of the nature and contents, and explain how said item supports your claims.

**INTERROGATORY NO. 7:**

Describe in detail each and every item of damages (including for purposes of this Interrogatory, your claim for attorneys' fees), for which you are making a claim in this action, specify the amount for each such item, specify the basis of liability as to J & J, and provide an explanation as to how each such amount was calculated, including a listing and description of each of the factors used.

**INTERROGATORY NO. 8:**

If you are seeking damages for emotional distress, mental anguish, pain and suffering or similar conditions, identify all medical care providers from whom you have sought and/or received treatment, advice, therapy or counseling in the past ten (10) years, and for each, state what mental, emotional or physical illness, injury or condition you were treated, advised or counseled for; whether the illness, injury or condition was found to be related to your employment with J & J, and how it was related; on what date or dates you were treated, advised, or counseled; what diagnosis or prognosis was given; the result of the treatment; any medications prescribed; and whether you still suffer from the illness, injury or condition.

**INTERROGATORY NO. 9:**

For every medical care provider with whom you have sought treatment or counseling, or both, subsequent to the commencement of your employment with J & J, please provide the following information: (a) name; (b) address and telephone number; and (c) date(s) of treatment.

**INTERROGATORY NO. 10:**

Please describe in detail all efforts you have made to find employment (including self-employment) from the date you were discharged by J & J to the present, including the name and address of every prospective employer, employment agency, placement office, or search firm with which you have had any contact whatsoever, the date and purpose of such contact, and the results of your efforts.

**INTERROGATORY NO. 11:**

Describe in detail all employment (including part time, temporary and permanent self-employment) held by you since leaving J & J through the date of trial in this matter, and for each such employer, please state the following: the name of the employer; the address where you work(ed); your dates of employment; your position(s) or title(s); the name of your immediate supervisor; the pay and benefits you received; and the reason for any termination, layoff or resignation.

**INTERROGATORY NO. 12:**

To the extent not provided in response to any other interrogatory, explain in detail every source of income you have had since your last day of work with J & J, through the date of trial in this matter, setting forth the amount of income from each source and the dates received, including, but not limited to earnings, gifts, compensation, and benefits (including wages, unemployment compensation, welfare/TANF payments, food stamps, social security benefits, vacation benefits,

health insurance, overtime pay, disability pay, workers' compensation, sick leave pay, holiday pay, income from any pension, profit-sharing or annuity plan or any other income or benefit).

**INTERROGATORY NO. 13:**

Consistent with the directions contained herein, identify the female employees referenced in Paragraphs 5 and 9 of your Complaint.

**INTERROGATORY NO. 14:**

Consistent with the directions contained herein, identify the managers referenced in Paragraphs 10 and 11 of your Complaint.

**INTERROGATORY NO. 15:**

As to each expert who is or has been used for consultation and who is not expected to be called as a witness, but whose opinions, mental impressions, or work products have been reviewed by a testifying expert, state the identity (name, address, telephone number, occupation, and business address) of the expert, the subject matter on which the expert was consulted, the mental impressions and opinions held by the expert, and the facts known to the expert (regardless of when the factual information was acquired) that relate to or form the basis of the mental impressions and opinions held by the expert.

**INTERROGATORY NO. 16:**

State whether you have ever filed bankruptcy, and if so, state the type of bankruptcy petition filed, *i.e.* Chapter 7 or 13; the court in which it was filed; the date it was filed; and its current status.

**INTERROGATORY NO. 17:**

Identify each lawsuit or other legal or administrative proceeding, criminal or civil, to which you have ever been a party, including the identities of the other parties to the lawsuit or proceeding,

the case, cause or charge number, the court or forum in which such action was instituted, and the outcome of the action, including if applicable deferred adjudication.

**INTERROGATORY NO. 18:**

Identify for the period from October 28, 2014, through the present, whether you or other household members owned or possessed a personal data assistant, iPhone, iPad, laptop, desktop computer or other electronic system, whether located at your primary residence or elsewhere, and for each such item of equipment: specify the type of equipment and whether you used such equipment or stored material thereon, at any time and in any manner, that is related to J & J and/or the facts giving rise to the claims asserted in this lawsuit.

**INTERROGATORY NO. 19:**

Identify all social networking sites (*i.e.* Facebook, LinkedIn, Friendster, Pinterest, Google+, Instagram, etc.) on which you currently maintain a profile or previously maintained a profile during your employment with J & J to present, including the profile name used and web address for your profile.

Respectfully submitted this 23rd day of November, 2016.

/s/ Michelle I. Anderson
**MICHELLE I. ANDERSON**
Louisiana Bar No. 32090
**WM. BRIAN LONDON**
Louisiana Bar. No. 33948
**FISHER & PHILLIPS LLP**
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email: manderson@fisherphillips.com
Email: blondon@fisherphillips.com

*Attorneys for J & J Service Solutions, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of November, 2016, a copy of Defendant's First Set

of Interrogatories to Plaintiff was sent by electronic and U.S. mail, postage prepaid, to Plaintiff's

counsel of record:

Donald G. Cave
Cave Law Firm
30909 Plaza Tower Drive
Baton Rouge, LA 70816-4356
don@cavelaw.com


/s/ Michelle I. Anderson
MICHELLE I. ANDERSON

# **VERIFICATION**

I have reviewed the above Answers to Interrogatories, and verify that they are true and correct to the best of my knowledge.

_____)
DANA A. MATTHEWS

STATE OF _____)
                                                          ) SS.
PARISH/COUNTY OF _____)

SWORN TO AND SUBSCRIBED before me this ____ day of _____,
201_, by Dana A. Matthews, who is personally known to me or has produced
_____ as identification.

_____
(Notary Signature)

(NOTARY SEAL)

_____
(Notary Name Printed)
NOTARY PUBLIC

Commission No. _____

| DANA A. MATTHEWS, | * | CASE NO. 3:16-cv-00621-BAJ-EWD |
| | * | |
| Plaintiff, | * | JUDGE BRIAN A. JACKSON |
| | * | |
| VERSUS | * | MAGISTRATE ERIN WILDER- |
| | * | DOOMES |
| J & J SERVICE SOLUTIONS, LLC, | * | |
| | * | |
| Defendant. | * | |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

Defendant, J & J Service Solutions, LLC, through undersigned counsel, and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, request that Plaintiff, Dana Matthews, produce for inspection and copying within thirty (30) days from the date hereof at the office of Michelle Anderson, Fisher & Phillips LLP, 201 St. Charles Ave., Suite 3710, New Orleans, LA 70170, the following described documents, electronically stored information and things.

These written discovery requests shall be deemed continuing. Plaintiff is requested to provide, by way of supplementary responses, such additional information as it or any other person acting on her behalf may hereafter obtain which will augment or otherwise modify the answers provided to the discovery requests below. Such supplementary responses are to be served upon Defendant within thirty (30) days after receipt of such information or a shorter period of time as may be ordered by the Court.

## DEFINITIONS AND INSTRUCTIONS

## DEFINITIONS

As used in these requests for production, the following words and terms shall have the following definitions:

1.     "Document" means any written, recorded, filmed, or graphic matter, whether produced or reproduced, on paper, cards, tapes, film, electronic facsimile, computer storage device, or any other media, including, but not limited to, communications, files, personal or intra-office memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs reports, studies, charts, graphs, statements, notebooks, intra company communications, handwritten notes, applications, agreements, books, pamphlets, periodicals, professional manuals, appointment or other calendars, records or recordings of oral conversations or meetings, work papers, and also including, but not limited to, originals and all copies which are different in any way from the originals, whether by interlineation, receipt stamp, notation, indication of copies sent or received and drafts. ***"Document" specifically includes documents (business or personal) in Plaintiff's possession or in Plaintiff's control (business or personal).*** "Document" includes "electronic documents" which include, among other things, messages, images or any other information contained in e-mail, voice mail, fax machines, computers, iPads, personal digital assistants (including Blackberry, iPhones, Smartphones or similar text messaging devices), pagers, telephones, cellular and mobile phones (including those with cameras), Intranet, Internet, information on a memory or flash key or card, jump or zip drive or any other type of internal or external removable storage drives.

2.     "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.

3.     "Communicate," "Communicated," or "Communication" shall mean any or all transmittals of information, whether oral or reduced to writing, whether handwritten, typewritten, tape-recorded, or produced by electronic data processing, irrespective of how conveyed (*e.g.*,

telephone, e-mail, text message, blog posting, tweet, telegram, telegraph, United States Mail, private mail or courier service or face-to-face contact).

4. "Suit" or "lawsuit" means this lawsuit, which is Civil Action No. 3:16-cv-00621-BAJ-EWD pending before the United States District Court for the Middle District of Louisiana in Baton Rouge, Louisiana.

5. "Complaint" means the Complaint filed by Plaintiff in this lawsuit (including all amendments thereto).

6. "Relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed.

7. "Consulted" or "contacted" means any form of communication, *e.g.*, oral statements, telephonic conversations or other mechanical communications or any other type of communication including written letters or documents.

8. "You," "your," or "Plaintiff" means Plaintiff – **Dana A. Matthews**.

9. "J & J" means Defendant, **J & J Service Solutions, LLC**, or any affiliated entity, and/or its agents, representatives and employees.

10. "Any" shall also mean "all" and vice versa.

11. "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

12. The term "document" includes any copy or copies of any of the foregoing on which any mark, alteration or additional writing or other change from the original, or from any other copy, has been made. This includes any and all documents in the possession of Plaintiff or its agents, representatives, attorneys, or any other person acting on her behalf.

13.    "Concerning" means referring, relating, reflecting or pertaining, directly or indirectly, in any way, to all or any part of a specified subject matter or document.

14.    Wherever appropriate, the singular form of a word should be interpreted as plural.

15.    The term medical care provider includes any physician, psychiatrist, psychologist, nurse, clinic, hospital, treatment center, counseling facility, holistic medicine facility, rehabilitation facility or any other type of physical or mental health professional, therapist, or counselor.

## INSTRUCTIONS

1.    You are required in responding to this request, to obtain and furnish all information available to you and any of your representatives, agents, brokers, servants, or attorneys and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, agents, servants or attorneys.

2.    Each request which seeks information relating in any way to communications to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

3.    Each request should be responded to separately.  However, a document which is responsive to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4.    **All documents produced shall be segregated and identified by the request to which they are primarily responsive**.  Where required by a particular paragraph of this request, documents produced shall be further segregated and identified as indicated in this paragraph.  For any documents that are stored or maintained in files in the normal course of business, such

documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.

5.    If you object to part of any request, please furnish documents responsive to the remainder of the request.

6.    The documents produced in response to this request shall include all attachments and enclosures.

7.    The documents requested for production include those in the possession, custody, or control of Plaintiff, her agents, representatives, or attorneys.

8.    References to the singular include the plural.

9.    The use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

10.    All documents called for by this request or related to this request, for which the Plaintiff claims a privilege or statutory authority as a ground for non-production shall be listed chronologically as follows:

    a.    The place, date and manner of recording or otherwise preparing the document;

    b.    The name and title of the sender;

    c.    The identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

    d.    The identity of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said communication, and the employer and title of said person at the time of said communication;

    e.    Type of document;

    f.    Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

    g.    Factual and legal basis for claim, privilege or specific statutory or regulatory authority which provides the claimed ground for non-production.

11.    Each request to produce a document or documents shall be deemed to call for the production of the original document or documents to the extent that they are in, or subject to,

directly or indirectly, the control of the party to whom this request is addressed. In addition, each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (*e.g.*, by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof).

12.     All documents produced in response to this request shall be produced *in toto* notwithstanding the fact that portions thereof may contain information not requested.

13.     If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date and subject matter.

14.     Where exact information cannot be furnished, estimated information is to be supplied to the extent possible. Where estimation is used, it should be so indicated, and an explanation should be given as to the basis on which the estimate was made and the reason exact information cannot be furnished.

15.     With respect to any document requested which was once in possession, custody or control, but no longer is, please indicate the date the document ceased to be in possession, custody or control, the reason for such change of possession, custody or control, and the name and address of its present custodian.

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Produce any and all documents identified, referred to, referenced, or relied upon in your Answers to J & J's First Set of Interrogatories.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all documents that relate to the damages (including your calculations thereof) or any other relief you seek to recover in this lawsuit.

**REQUEST FOR PRODUCTION NO. 3:**

Produce any and all records (including transcripts) related to any claims for unemployment compensation sought in connection with your employment with J & J, including all appeals.

**REQUEST FOR PRODUCTION NO. 4:**

Produce any and all documents which refer or relate to, or evidence, your employment with J & J, including, but not limited to, personal records, personnel documents, newspaper articles, calendars, notes and/or diaries regarding your employment and discussions relating thereto with officials of J & J, employment applications, records of wages, fringe benefits, performance evaluations, employee handbooks, policy manuals, leaflets, procedures, guidelines, memos, bulletins, directives, disciplinary rules, job assignments, notifications of wage increase, disciplinary actions taken against you, notifications of transfer, correspondence and memoranda, notes to and from you, collective bargaining agreements, and documents regarding any matter relating to your claims in this case.

**REQUEST FOR PRODUCTION NO. 5:**

Produce any and all documents, including, but not limited to, diaries, calendars, appointment books, summaries and chronologies, maintained by you, of any event relating to or referring to your claims or alleged damages in this action.

**REQUEST FOR PRODUCTION NO. 6:**

To the extent not provided in response to any other Request, produce all documents that evidence or are related to complaints, charges, reports, grievances, claims, inquiries, or requests, filed or reported by or on behalf of you, concerning J & J, including, but not limited to, any communications to or from any state or federal agency.

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents that evidence or refer to communications, whether oral or written, between you and any current or former employee or agent of J & J related to the subject matter of your claims in this suit, including, but not limited to, email communications, notes, memoranda, text messages, instant messages, and any tape or digital recordings (whether audio or visual) and transcriptions thereof.

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents that evidence or refer to communications, whether oral or written, between you and any person *other than a current or former employee or agent of J & J* (excluding your legal counsel) related to the subject matter of your claims, including, but not limited to, emails, notes, memorandums, text messages, instant messages, and any tape or digital recordings (whether audio or visual) and transcriptions thereof.

**REQUEST FOR PRODUCTION NO. 9:**

Produce all documents evidencing your attorney's fees incurred in, arising from, or related to your lawsuit, including, but not limited to, any contract you have with any attorney relating to attorneys' fees, and any invoices for payment due, and documents to confirm actual payment of any such invoices.

**REQUEST FOR PRODUCTION NO. 10:**

Produce all documents relating to any criminal legal proceedings in which you have been involved in any way, including any charges filed against you.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all documents concerning any legal proceedings (actual or threatened) in which you were/are involved, either as plaintiff or defendant, or as a charging party, other than this action.

**REQUEST FOR PRODUCTION NO. 12:**

Produce all documents that reflect or disclose any income that you have earned or received from any source other than from J & J from August 2015 through the trial of this matter, including copies of payroll check stubs, tax returns, and other income tax documents.

**REQUEST FOR PRODUCTION NO. 13:**

Produce a copy of all documents and communications prepared by you or for you and sent to J & J or any of their employees or agents relating to your claims in this lawsuit.

**REQUEST FOR PRODUCTION NO. 14:**

Produce a copy of all statements, affidavits and declarations of any persons relating or referring to your claims taken or prepared either before or after the filing of this lawsuit.

**REQUEST FOR PRODUCTION NO. 15:**

Produce any documents which refer or relate to, or evidence, your attempt to obtain or expand your employment both during *and* after your separation from employment with J & J; including, but not limited to, copies of employment applications, resumes, correspondence, notes, emails, memoranda and other documents to and from potential employers or employment agencies.

**REQUEST FOR PRODUCTION NO. 16:**

Produce any documents which refer or relate to, or evidence, any full-time or part-time jobs (including self-employment) you have held at any time since August 2015 through trial. This request includes, but is not limited to, documents relating to your job title, your employer (or if self-employed, the name of your business), job status, rate of pay, change in job titles, status or rate of pay, descriptions of jobs held, work performed, employee handbooks, and benefit statements of each such employer.

**REQUEST FOR PRODUCTION NO. 17:**

To the extent not provided in response to any other Request, produce any documents you, or any of your representatives, provided to any state or federal agency or any other governmental office or commission, relating to your claims in this lawsuit.

**REQUEST FOR PRODUCTION NO. 18:**

Produce any and all medical records, including records, notes, charts, reports, letters, prescriptions, or other documents relating to any treatment received by you from any medical care

provider that support or refute your claims for damages as set forth in response to Interrogatory Nos. 8 and 9.

**REQUEST FOR PRODUCTION NO. 19:**

Produce any documents sent to or received from any consulting expert whose work, impressions or opinions have been reviewed by a testifying expert, including any documents sent to or received by any agent on your behalf.

**REQUEST FOR PRODUCTION NO. 20:**

Produce a copy of all fee arrangements with any testifying or discoverable consulting experts related to this action.

**REQUEST FOR PRODUCTION NO. 21:**

Produce all books, papers, articles and other documents written in whole or in part by any person, or upon which any person will rely upon or refer to, and whom you expect to call as an expert at trial.

**REQUEST FOR PRODUCTION NO. 22:**

Produce all documents or tangible things provided to any expert, or furnished to you by any expert, whom you will not call to testify at trial, but whose work product has been reviewed by any expert whom you may call to testify at trial. This response should include any reports, notes, drafts, factual observations, opinions, tests, supporting data, calculations, sketches, photographs or models prepared by such expert.

**REQUEST FOR PRODUCTION NO. 23:**

Produce any and all documents related to your attempts to correspond or communicate with current or former employees of J & J by electronic means, including, but not limited to, Facebook,

Myspace, Twitter, LinkedIn, Snapchat, text message, and e-mail from October 28, 2014 through the present.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all electronic documents, e-mails, text messages, blog posts, tweets, instant messages, computer files, or other electronically stored information in your custody, control, or possession that support or refute the allegations contained in your Complaint.

**REQUEST FOR PRODUCTION NO. 25:**

Produce any and all documents obtained in response to any subpoena duces tecum or request made to a government agency under the Freedom of Information Act (or any state statute or local ordinance authorizing the production of public records) either issued in this lawsuit or relating to the issues raised in the Complaint.

**REQUEST FOR PRODUCTION NO. 26:**

Produce your individual and joint federal income tax returns with all schedules and attachments related thereto, for tax years 2013, 2014, 2015, and continuing through the date of trial.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce detailed records for any and all cell/portable phones or communication devices issued to or operated by Plaintiff from October 28, 2014 thru August 31, 2015.

**REQUEST FOR PRODUCTION NO. 28:**

Produce any and all documents that support your answer to Interrogatory No. 4.

**REQUEST FOR PRODUCTION NO. 29:**

Produce any and all documents that support your answer to Interrogatory No. 5.

**REQUEST FOR PRODUCTION NO. 30:**

Produce any and all documents that support or relate to the allegations set forth in Paragraph 5 of your Complaint.

**REQUEST FOR PRODUCTION NO. 31**:

Produce any and all documents that support or relate to the allegations set forth in Paragraph 6 of your Complaint.

**REQUEST FOR PRODUCTION NO. 32**:

Produce any and all documents that support or relate to the allegations set forth in Paragraph 7 of your Complaint.

**REQUEST FOR PRODUCTION NO. 33**:

Produce any and all documents that support or relate to the allegations set forth in Paragraph 8 of your Complaint.

**REQUEST FOR PRODUCTION NO. 34**:

Produce any and all documents that support or relate to the allegations set forth in Paragraph 9 of your Complaint.

**REQUEST FOR PRODUCTION NO. 35**:

Produce any and all documents that support or relate to the allegations set forth in Paragraph 10 of your Complaint.

**REQUEST FOR PRODUCTION NO. 36**:

Produce any and all documents that support or relate to the allegations set forth in Paragraph 11 of your Complaint.

**REQUEST FOR PRODUCTION NO. 37:**

Produce any and all documents that support or relate to the allegations set forth in Paragraph 13 of your Complaint.

**REQUEST FOR PRODUCTION NO. 38:**

Produce any and all documents that support or relate to the allegations set forth in Paragraph 14 of your Complaint.

**REQUEST FOR PRODUCTION NO. 39:**

Produce any and all documents that support or relate to the allegations set forth in Paragraph 15 of your Complaint.

**REQUEST FOR PRODUCTION NO. 40:**

Please produce copies of all postings that you made on any social media websites, including but not limited to, Facebook, Twitter, LinkedIn, Google Plus, Snapchat and Tagged from October 1, 2014, through the date of response to the Request relating in any way to your employment and/or separation from J & J, or the allegations in your Complaint. Specifically with respect to Facebook, J & J is seeking a copy of Plaintiff's Facebook "archive" from January 1, 2014, through the date of response to the Request.

Please use the following instructions to create the Facebook "archive":

1.  Log into your Facebook account.
2.  Click on the "down arrow" icon, to the right of the "Home" icon (upper right-hand corner).
3.  Select "Settings."
4.  Click on "Download a copy of your Facebook Data" (below "Language").
5.  Click "Start My Archive."
6.  Re-enter your password.
7.  Click the "Start My Archive" again.
8.  You will receive an email with a file attachment.

If you have a Twitter account, please obtain an archive of your tweets for production. To do this, follow these instructions.

1. Log in to your twitter account.
2. Click the "gear" icon.
3. Click on settings.
4. Toward the bottom of the page, click "Request Your Archive."
5. You will receive an email with a file attachment of your Twitter Archive.
6. Produce the file attachment.

**REQUEST FOR PRODUCTION NO. 41:**

Produce a copy of your current resume.

**REQUEST FOR PRODUCTION NO. 42:**

To the extent not identified and produced above, produce any and all non-privileged documents that support or refute to the allegations contained in your Complaint.

Respectfully submitted this 23rd day of November, 2016.

*/s/ Michelle I. Anderson*
**MICHELLE I. ANDERSON**
Louisiana Bar No. 32090
**WM. BRIAN LONDON**
Louisiana Bar. No. 33948
**FISHER & PHILLIPS LLP**
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email: manderson@fisherphillips.com
Email: blondon@fisherphillips.com

*Attorneys for J & J Service Solutions, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of November, 2016, a copy of Defendant's First

Request for Production of Documents to Plaintiff was sent by electronic and U.S. mail, postage

prepaid, to Plaintiff's counsel of record:

Donald G. Cave
Cave Law Firm
30909 Plaza Tower Drive
Baton Rouge, LA 70816-4356
don@cavelaw.com

*/s/ Michelle I. Anderson*
MICHELLE I. ANDERSON
