UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANA A. MATTHEWS     CIVIL ACTION

VERSUS

J&J SERVICES, SOLUTIONS, LLC     NO.: 16-00621-BAJ-EWD

## RULING AND ORDER

Plaintiff filed a **Motion for Reconsideration (Doc. 42)**, requesting that the Court reconsider its October 23, 2017, summary judgment ruling dismissing Plaintiff's employment discrimination claims. The Court dismissed Plaintiff's Title VII claims because Plaintiff failed to timely file her lawsuit after receiving her right to sue letter. (Doc. 40 at p. 6). Under Title VII, a plaintiff has 90 days to file a civil suit after receiving a right to sue letter from the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). But when the date on which a complainant receives a right to sue letter is unknown, "courts should apply a presumption that the plaintiff received the notice in three days." *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015).

Plaintiff testified in her deposition that she did not remember when she received the right to sue letter, and therefore the Court presumed that Plaintiff received the letter on June 9, 2016, three days after the EEOC issued it. (Doc. 40 at p. 5-6). Plaintiff filed suit on September 19, 2016, which is 102 days after the time

1

the Court presumes she received the right to sue letter. (Doc. 40 at p. 6). Therefore, the Court concluded that Plaintiff's lawsuit was untimely. *Id.*

Plaintiff now moves for reconsideration based on purportedly "new evidence." (Doc. 42). Plaintiff's husband asserts, for the first time, that he remembers receiving the EEOC right to sue letter on June 22, 2016. (Doc. 42-2 at p. 1-2). If true, this would mean that Plaintiff filed suit 89 days after receiving the right to sue letter; one day before the day she was required to file suit.

A Court may grant a motion for reconsideration under Rule 59(e) based on "the availability of new evidence not previously available[.]" *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). However, "[a]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Here, information about when Plaintiff's husband purportedly received the right to sue letter was plainly available and could have easily been discovered by Plaintiff before summary judgment. Plaintiff claims that she did not know that her husband had received the right to sue letter because that issue had not been specifically addressed in her husband's deposition. (Doc. 42-1 at p. 4). Obviously, though, Plaintiff could have asked her husband during the deposition, or at any other time whether he received the right to sue letter. Plaintiff's desperate eleventh hour attempt to resurrect her lawsuit is meritless.

Accordingly,

The **Motion for Reconsideration (Doc. 42)** is **DENIED**.

Baton Rouge, Louisiana, this 13th day of November, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**